## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| HEATHER NICOLE OXENHAM, | |
| Plaintiff, | |
| -vs- | Case No. |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; RESURGENT CAPITAL SERVICES L.P. d/b/a LVNV FUNDING LLC; and PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, HEATHER NICOLE OXENHAM (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), RESURGENT CAPITAL SERVICES L.P. d/b/a LVNV FUNDING LLC (hereinafter "LVNV"); and PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Portfolio"), (hereinafter collectively "Defendants"), and in support thereof respectfully alleges

violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* and Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*.

## **PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     This is an action for actual damages, statutory damages, compensatory damages, punitive damages, costs, and attorney's fees brought pursuant to the FDCPA.

3.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

4.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

5.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the

consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

6.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

7.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

9.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

10.     Plaintiff is a natural person and resident of Canyon County in the State of Idaho. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

12.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

13.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

14.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

15.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

16.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

17.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its

registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

18.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

19.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

20.     LVNV is a corporation with its principal place of business in the State of South Carolina and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

21.     LVNV is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

22.     LVNV furnished information about Plaintiff to the CRAs that was inaccurate.

23.     Portfolio is a corporation headquartered at 120 Corporate Boulevard in Norfolk, Virginia 23502 that upon information and belief conducts business in the State of Georgia.

24.     Portfolio is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

25.     Portfolio furnished information about Plaintiff to the CRAs that was inaccurate.

26.     Portfolio is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Upon information and belief, Portfolio is regularly engaged in the business of collecting or attempting to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

27.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

28.     Plaintiff is a victim of identity theft.

29.     In or about 2023, Plaintiff was notified by T-Mobile and AT&T that her personal identifying information was leaked in a data breach.

### FCRA Allegations

30.     In or about early 2024, Plaintiff became aware of erroneous accounts appearing in her credit file which did not belong to her.

31.     On or about March 21, 2024, Plaintiff reported the inaccurate credit reporting to the Consumer Financial Protection Bureau ("CFPB"), File ID 240321-13695294.

32.     In the CFPB report, Plaintiff detailed the fact that inaccurate and fraudulent accounts were appearing in her credit reports, and she requested an investigation into the inaccurate reporting.

33.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as the CRAs, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

34.     Upon information and belief, the CRAs failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous accounts on her credit report.

35.     On or about March 21, 2024, Plaintiff filed an identity theft report with the Federal Trade Commission (hereinafter "FTC"), report number 170886532. In this report, she explained that she was a victim of identity theft and that the fraudulent accounts had been opened under her name and were listed in her credit report.

36.     On or about March 27, 2024, Plaintiff obtained copies of her Equifax and Experian credit reports. Plaintiff attempted to obtain a copy of her Trans Union credit report on at least two (2) occasions, but each time received a notification that her credit report was unavailable. Upon review, Plaintiff observed personal identifying information which was inaccurate and did not belong to her. Further,

Plaintiff observed three (3) accounts appearing in her credit file which did not belong to her:

    i.    CCS Collections, partial account number ending in x36, a collection on behalf of original creditor, Progressive, with a balance of $119 (hereinafter "CCS Account");

    ii.    LVNV, partial account number ending in x1978, with a status of collection and with a balance of $662 (hereinafter "LVNV Account"); and

    iii.    Portfolio, partial account number ending in x6722, with a status of collection and with a balance of $1,901 (hereinafter "Portfolio Account").

37.    In response to the inaccurate reporting, on or about April 11, 2024, Plaintiff mailed detailed written dispute letters to the CRAs. In the dispute letter, Plaintiff requested a copy of her credit report and explained there was inaccurate personal identifying information in her credit file. Further, Plaintiff advised that she believed she was a victim of identity theft due to the aforementioned erroneous accounts appearing on her credit report. To confirm her identity, images of her driver's license were included in the letter. Further, Plaintiff included images of the erroneous credit reporting; images of her filed Federal Trade Commission ("FTC") Identity Theft Report, number 171680475; and other supporting documents.

38.     Plaintiff mailed her detailed written dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1876 0952 65), Experian (9589 0710 5270 1876 0952 72), and Trans Union (9589 0710 5270 1876 0952 89).

39.     On or about April 17, 2024, Plaintiff received a letter from Trans Union regarding remedying identity theft. Further, Plaintiff received a response that Trans Union found her identity theft report not valid because the requested was missing essential personal identifying information or account specific information despite Plaintiff providing images of her current driver's license, images of the erroneous reporting, and images of her filed FTC Identity Theft Report.

40.     On or about May 12, 2024, Plaintiff received dispute results from Trans Union which stated the LVNV Account and Portfolio Account were verified as accurate. Plaintiff did not receive dispute results as to the CCS Account. However, upon review of her updated Trans Union credit report, Plaintiff observed the CCS Account was no longer appearing in her credit file.

41.     Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

42.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

43.     Upon information and belief, Trans Union notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

44.  Upon information and belief, Trans Union notified Portfolio of Plaintiff's dispute. However, Portfolio failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

45.  On or about May 5, 2024, Plaintiff received a response from Equifax which stated it would not be blocking her information.

46.  On or about May 21, 2024, Plaintiff received dispute results from Equifax which stated the LVNV Account and Portfolio Account were verified as accurate. Further, the results stated that the CCS Account was not reporting to her credit file.

47.  Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

48.  Equifax never attempted to contact Plaintiff during the alleged investigation.

49.  Upon information and belief, Equifax notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

50.     Upon information and belief, Equifax notified Portfolio of Plaintiff's dispute. However, Portfolio failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

51.     On or about May 9, 2024, Plaintiff received dispute results from Experian which stated the LVNV Account and Portfolio Account were verified as accurate. Plaintiff did not receive dispute results as to the CCS Account. However, upon review of her updated Experian credit report, Plaintiff observed the CCS Account was no longer appearing in her credit file.

52.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

53.     Experian never attempted to contact Plaintiff during the alleged investigation.

54.     Upon information and belief, Experian notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

55.     Upon information and belief, Experian notified Portfolio of Plaintiff's dispute. However, Portfolio failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

56.    On or about May 30, 2024, Plaintiff obtained updated copies of her credit report from the CRAs. Upon review, Plaintiff observed the erroneous LVNV Account and Portfolio Account continued to be reported.

57.    Despite providing the CRAs with all the relevant information needed to prove she was a victim of identity theft, the CRAs continue to report fraudulent and erroneous accounts. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

58.    Defendants have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnishers.

59.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

**FDCPA Allegations**

60.    Over a thirty (30) day period from April 30, 2024, to May 30, 2024, Plaintiff received at least nine (9) phone calls from Portfolio seeking to collect the outstanding balance of the Portfolio Account.

61.    Plaintiff received collection calls from Portfolio on the following dates.

    i.    April 30, 2024, at 9:19 am;

    ii.    May 2, 2024, at 2:02 pm;

    iii.    May 6, 2024, at 6:09 pm;

    iv.    May 7, 2024, at 2:05 pm;

    v.    May 8, 2024, at 11:17 am;

    vi.    May 25, 2024, at 1:47 pm;

    vii.    May 28, 2024, at 9:52 am;

    viii.    May 29, 2024, at 4:30 pm; and

    ix.    May 30, 2024, at 11:14 am

62.    Portfolio was attempting to collect from Plaintiff a debt that did not belong to her.

63.    Portfolio was attempting to collect a debt that was illegitimate

64.    As a result of the inaccurate reporting and erroneous collection attempts, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.   Loss of the ability to benefit from lower interest rates; and

v.   Apprehensiveness to apply for new credit and housing due to the fear of rejection.

**CAUSES OF ACTION**

**COUNT I**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

65.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

66.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

67.   Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

68.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

69.     Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

70.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

71.     Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

72.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

73.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

74.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

75.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

76.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

77.     Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

78.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

79.     Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

80.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

81.     Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

82.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

83.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

84.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

85.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

86.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

87.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

88.   Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

89.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

90.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

91.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

92.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

93.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving

19

notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

94.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

95.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

96.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

97.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

98.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

99.    Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

100.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

101.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

102.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

103.   Experian selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

104.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

105.   Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

106.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

107.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

108.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
**Violations of 15 U.S.C. § 1681e(b) as to
Defendant, Experian Information Solutions, Inc. (Willful)**

109.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

110.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

111.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

112. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

23

113.   Experian selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

114.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

115.   Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

116.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

117.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

118.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and

severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

119.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

120.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

121.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

122.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed

to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

123.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

124.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

125.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT VIII**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

126.    Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

127.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

128.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

129.    Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

130.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

131.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

132.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT IX
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

133.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

134.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

135.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

136.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

137.   Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

138.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

139.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

140.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

141.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

142.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT X
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

143.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

144.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

145.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

146.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

147.   Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

148.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

149.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

150.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

151.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

152.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XI
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

153.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

154.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

155.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

156.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

157.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

158.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

159.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further

violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

160.  Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

161.  After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

162.  Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

163.  Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

164.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

165.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

166.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XIII**
**Violation of 15 U.S.C. § 1681s-2(b) as to**
**Defendant, Resurgent Capital Services L.P.**
**d/b/a LVNV Funding LLC (Negligent)**

167.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

168.   LVNV furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

169.   After receiving Plaintiff's disputes, LVNV violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

170.   Plaintiff provided all the relevant information and documents necessary for LVNV to have identified that the account was fraudulent.

171.   LVNV did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LVNV by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

172.   LVNV violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

173.   As a direct result of this conduct, action and/or inaction of LVNV, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

174.   The conduct, action, and inaction of LVNV was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

175.   Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual damages against Defendant, RESURGENT CAPITAL SERVICES L.P. d/b/a LVNV FUNDING LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XIV**
**Violation of 15 U.S.C. § 1681s-2(b) as to**
**Defendant, Resurgent Capital Services L.P.**
**d/b/a LVNV Funding LLC (Willful)**

176.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

177.   LVNV furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

178.   After receiving Plaintiff's disputes, LVNV violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

179.   Plaintiff provided all the relevant information and documents necessary for LVNV to have identified that the account was fraudulent.

180.   LVNV did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LVNV by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

181.   LVNV violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

182.   As a direct result of this conduct, action and/or inaction of LVNV, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

183.   The conduct, action, and inaction of LVNV was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

184.   Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, RESURGENT CAPITAL SERVICES L.P. d/b/a LVNV FUNDING LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XV
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Portfolio Recovery Associates, LLC (Negligent)

185.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

186.   Portfolio furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

187.   After receiving Plaintiff's disputes, Portfolio violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

188.   Plaintiff provided all the relevant information and documents necessary for Portfolio to have identified that the account was fraudulent.

189.   Portfolio did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Portfolio by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

190.   Portfolio violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

191.   As a direct result of this conduct, action and/or inaction of Portfolio, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

192.   The conduct, action, and inaction of Portfolio was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

193.   Plaintiff is entitled to recover costs and attorney's fees from Portfolio in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual damages against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Portfolio Recovery Associates, LLC (Willful)

194.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

195.   Portfolio furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

196.   After receiving Plaintiff's disputes, Portfolio violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

197.   Plaintiff provided all the relevant information and documents necessary for Portfolio to have identified that the account was fraudulent.

198.   Portfolio did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Portfolio by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

199.   Portfolio violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

200.   As a direct result of this conduct, action and/or inaction of Portfolio, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

201.   The conduct, action, and inaction of Portfolio was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

202.   Plaintiff is entitled to recover costs and attorney's fees from Portfolio in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual or statutory damages and punitive damages

against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVII
### Violation of 15 U.S.C. § 1692f(1) as to
### Defendant, Portfolio Recovery Associates, LLC (Willful)

203.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

204.   Portfolio has repeatedly attempted to collect a debt from Plaintiff that it knew or had reason to know was illegitimate.

205.   Portfolio violated 15 U.S.C. § 1692f(1) by attempting to collect a debt not authorized by agreement or otherwise permitted by law.

206.   Portfolio had all the information it needed to determine that the debt did not belong to Plaintiff, yet repeatedly attempted to collect that debt regardless.

207.   As a result of the conduct, action, and inaction of Portfolio, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff is in fear that the collection attempted by Portfolio will harm her credit reputation.

208. Plaintiff is entitled to recover actual, statutory, compensatory, and punitive damages from Portfolio pursuant to the FDCPA.

209. Plaintiff is entitled to recover reasonable attorney's fees and costs from Portfolio in the amount to be determined by the Court pursuant to the FDCPA.

WHEREFORE Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award actual, statutory, compensatory, and punitive damages against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HEATHER NICOLE OXENHAM, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; RESURGENT CAPITAL SERVICES L.P. d/b/a LVNV FUNDING LLC; and PORTFOLIO RECOVERY ASSOCIATES, LLC, jointly and severally; attorneys'

fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 13th day of June 2024.

Respectfully Submitted,

***/s/ Octavio Gomez, Esq.***
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
Tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*